951 F.2d 1258
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William R. BARE; Rita K. Bare, husband and wife,
Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-6102.
 United States Court of Appeals, Tenth Circuit.
 Dec. 31, 1991.
 
 Before MCKAY, TACHA and BALDOCK, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiffs-appellants William and Rita Bare appeal from a district court order denying their application for attorneys' fees and costs following a jury verdict in their favor. Appellants contend that the district court erred by holding that the government was substantially justified in determining that appellant William Bare was a person responsible under I.R.C. § 6672 for paying over to the government employment taxes owed by Bare's employer, Puma Drilling Corporation ("Puma"). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 4
 After determining that William Bare was a responsible person under § 6672, the government applied the Bares' overpayment of income taxes to offset Puma's nonpayment of employment taxes. Mr. and Mrs. Bare brought this refund suit to recover their overpaid income taxes. The jury determined that William Bare was not a "responsible person" under § 6672, and the district court entered a judgment in favor of the Bares. When the Bares applied for an award of litigation costs and attorneys' fees, the district court held that "the government's position was substantially justified" and denied the application. We review the district court's denial of litigation costs and attorneys' fees based on 28 U.S.C. § 7430(c)(4)(A)(i) under an abuse of discretion standard. Zinniel v. Commissioner, 883 F.2d 1350, 1356 (7th Cir.1989), cert. denied, 110 S.Ct. 1805 (1990); see also United States v. 2,116 Boxes of Boned Beef, Weighing Approximately 154,121 Pounds, 726 F.2d 1481, 1486 (10th Cir.) (applying abuse of discretion standard when reviewing district court's denial of attorneys' fees and expenses under the "substantially justified" standard of 28 U.S.C. § 2412(d)(1)(A)), cert. denied, 469 U.S. 825 (1984).
 
 
 5
 We do not disagree with the Bares' contention that Mr. Bare had insufficient corporate authority to be a responsible person under § 6672. The strength of that contention is evident from the result of the jury trial below. However, after reviewing the unrefuted evidence regarding Mr. Bare's position as vice-president of Puma and his check-writing authority, we conclude that the district court did not abuse its discretion in finding that the government was substantially justified in maintaining that Mr. Bare was a responsible person.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3